**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 26-cR-04020-SRB |
| | ) | |
| AMADOR SALINAS-RODRIGUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTIONS IN LIMINE**

This is an illegal reentry case. The Government alleges Defendant Amador Salinas-Rodriguez is a citizen of Mexico who has never had legal status to be in the United States. It further alleges Defendant was removed from the United States on August 1, 1999, was found in the United States between February 2025 and February 27, 2026, without the permission of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States, and was an alien at the time of his reentry, in violation of 8 U.S.C. § 1326.

Now before the Court are the Government's two motions in limine, ECF Nos. 34 and 45, and Defendant's motion in limine, ECF No. 47.

For the reasons given below, the Government's first motion in limine, ECF No. 34, is GRANTED; the Government's second motion in limine, ECF No. 45, is DENIED WITHOUT PREJUDICE; and Defendant's motion in limine, ECF No. 47, is DENIED.

## Legal Standard

"[R]ulings in limine . . . are specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials. . . ." *United States v. Spotted Horse*, 916 F.3d 686, 693 (8th Cir. 2019) (citations and internal quotation marks omitted). "This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction." *United States v. Jarquin-Rivera*, No. 4:25-CR-40041-RAL, 2026 WL 2031423, at *1 (D.S.D. July 14, 2026) (citation omitted). "If the evidence changes the basis for the ruling, or even if the judge is simply convinced that his ruling in limine is erroneous, he retains the authority to change it." *Spotted Horse*, 916 F.3d at 693.

## Discussion

### I. The Government's first motion in limine, ECF No. 34, is granted.

In its first motion, the Government asks the Court to preclude Defendant from (1) arguing that he is, or may be, a United States "citizen" or "national" without first adducing evidence to support such a contention; and (2) offering evidence or argument regarding any collateral consequences of a guilty verdict or conviction, including a possible prison sentence, deportation, removal from the United States, and/or any other negative immigration consequences.

#### a. Defendant shall not argue that he is or may be a United States citizen or national without presenting evidence to support that contention.

Criminal defendants are entitled to their own theory of the case and to have the jury instructed accordingly. But a defendant's theory must be supported by evidence and the law. *See United States v. Slagg*, 651 F.3d 832, 848 (8th Cir. 2011) ("Defendants are entitled to an instruction explaining their theory of the case if the request is timely made and if the proffered instruction is supported by the evidence and correctly states the law."). In a case like this one, where the Government presents evidence that the defendant was born outside the U.S. and is a citizen of a

country other than the U.S., that means a defendant may not argue that he is or may be a U.S. citizen (through derivative citizenship[1]) without proffering evidence of that status. *See United States v. Espinoza-Baza*, 647 F.3d 1182, 1191 (9th Cir. 2011) ("[A] defendant must present something more than a mere scintilla of evidence of derivative citizenship to warrant a defense instruction on that theory."). Moreover, while the Government has the burden to prove alienage in an illegal reentry case, it does not have to disprove derivative citizenship. *See United States v. Sandoval-Gonzalez*, 642 F.3d 717, 724 (9th Cir. 2011) ("To be clear, the government does not have the burden of disproving each element of derivative citizenship; only 'alienage' is among the elements of the crime, so only it must be proven."); *United States v. Hodulik*, 44 F. App'x 656, 660 (6th Cir. 2002) (same).

As to U.S. national status, Eighth Circuit Jury Instruction 6.8.1326, n. 2, states

> 8 U.S.C. § 1101(a)(22) defines a national as 'a person who, though not a citizen of the United States, owes permanent allegiance to the United States.' Traditionally, only persons born in territories of the United States were non-citizen nationals. *Gabebe v. Acheson*, 183 F.2d 795, 797 (9th Cir. 1950). 'The distinction has little practical impact today however, for the only remaining noncitizen nationals are residents of American Samoa and Swains Island.' *Miller v. Albright*, 523 U.S. 420 (1998).

And a person can only become a national under the Immigration and Naturalization Act through birth or naturalization. *See* Eighth Circuit Jury Instruction 6.8.1326, n. 2 (citing *Perdomo-Padilla v. Ashcroft*, 333 F.3d 964, 967–68 (9th Cir. 2003) ("[D]ecisions of the Supreme Court, [the Ninth

[1] Derivative citizenship is defined this way:

> A "child" born outside the United States automatically becomes a citizen of the United States "when all of the following conditions have been fulfilled: (1) At least one parent of the child is a citizen of the United States, whether by birth or naturalization[;] (2) The child is under the age of eighteen years[;] (3) The child is residing in the United States in the legal and physical custody of the citizen parent pursuant to a lawful admission for permanent residence."

*Myers v. Bondi*, 150 F.4th 984, 987 (8th Cir. 2025) (quoting 8 U.S.C. § 1431(a) (2004)).

Circuit], and other courts of appeals all suggest that the term 'national,' when used to describe non-citizens, refers only to those born in territories of the United States.")); *Perdomo-Padilla*, 333 F.3d 964 at 972 (holding "a person can become a 'national of the United States' under the INA only through birth or naturalization").

Accordingly, Defendant may only argue he is or may be a citizen or national if he presents evidence of that status.

**b. Defendant shall not argue or elicit testimony about potential punishment or immigration consequences that could result from a conviction.**

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." *Shannon v. United States*, 512 U.S. 573, 579 (1994) (citation and internal quotation marks omitted). "[P]roviding jurors sentencing information invites them to ponder matters . . . not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id.* (citation omitted). And any non-penal collateral consequences of a conviction are irrelevant to a criminal defendant's guilt or innocence.

Accordingly, Defendant shall not argue or offer evidence about potential punishment or other collateral consequences of a guilty verdict. *See Jarquin-Rivera*, 2026 WL 2031423, at *2 (precluding argument and testimony about immigration consequences of a conviction).

The Government's first motion in limine is GRANTED.

**II. The Government's second motion in limine, ECF No. 45, is denied without prejudice.**

The Government's second motion in limine asks the Court to preclude Defendant from arguing or adducing evidence that he has lived peacefully in the United States or regarding his prior work history or family presence in the United States. The Government further notes that if

Defendant offers evidence that he has lived peacefully in the United States, he will open the door for the Government to rebut that testimony with contradictory evidence.

It is not the Court's role to instruct Defendant how he should argue his case or to forbid certain arguments or evidence because they could open the door to evidence prejudicial to him. Defendant is permitted to offer evidence of a pertinent trait, and if he does, the Government may offer rebuttal evidence. Fed. R. Evid. 404(a)(2)(A). Any other objections to such evidence are best addressed at trial.

The Government's second motion in limine is DENIED WITHOUT PREJUDICE.

**III. Defendant's motion in limine, ECF No. 47, is denied.**

Defendant was arrested in April 2026, pursuant to a federal warrant, for the charge at issue in this case. The arrest occurred during a traffic stop for an alleged car registration violation. Defendant asks the Court to preclude the Government from offering details of this arrest at trial. Defendant argues the details of this arrest are irrelevant and that the risk of unfair prejudice, confusing the issues, and wasting time from their admission outweighs their probative value.

Defendant's argument is unavailing. The primary evidentiary outcome of the April 2026 stop relates to Defendant's identity, as established by his Mexican identification card. Defendant's identity is hardly irrelevant to the charged crime.[2] Moreover, Rule 403 excludes relevant evidence whose probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or wasting time. But if the details of the April 2026 traffic stop are prejudicial to Defendant at all, that prejudice is minimal and certainly not unfair. The Government indicates in its trial brief that the infraction at issue in the stop involved car registration. This is not an inflammatory detail. Nor is there a danger of confusing the issues or wasting time. The jury will already have heard

[2] *See also* Rule 404(b)(2) (evidence of other crimes, wrongs, or acts may be admissible to prove identity).

about other stops involving car registration, *see* Gov't's Trial Br. at 4–5, ECF No. 44, and will be asked to focus on the immigration issues, not the car issues. The April 2026 stop is no different. And the brief recounting of the reason for and outcome of the stop will take very little time. This evidence is probative of a material issue in the case, namely, Defendant's identity, and the probative value is not substantially outweighed by the danger (if any) of unfair prejudice, confusing the issues, or wasting time.

In addition to establishing Defendant's identity, the Government appears to offer evidence from the stop to give context to his arrest on the federal warrant at issue in this case. The Government is generally permitted to offer evidence to "complete[] the story or provide context to the charged crime," even if the evidence is not "inextricably intertwined with the charged crime" or strictly "necessary to the jury's understanding of the issues." *United States v. Guzman*, 926 F.3d 991, 999–1000 (8th Cir. 2019) (citations and alterations omitted).

Accordingly, Defendant's motion is DENIED.

**Conclusion**

For the reasons given above, the Government's first motion in limine, ECF No. 34, is GRANTED; the Government's second motion in limine, ECF No. 45, is DENIED WITHOUT PREJUDICE; and Defendant's motion in limine, ECF No. 47, is DENIED.

**IT IS SO ORDERED.**

Date: September 11, 2026

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT